UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES SZALOCZY and MEGAN SZALOCZY,<br><br>Plaintiffs,<br><br>v.<br><br>KONE ELEVATORS AND ESCALATORS and JOHN DOE DEFENDANTS (1-10),<br><br>Defendants; and<br><br>KONE INC.<br><br>Defendant/Third-Party Plaintiff,<br><br>v.<br><br>CENTERRA INTEGRATED SERVICES, LLC,<br><br>Third-Party Defendant. | Case No. 3:20-cv-03815 (BRM) (LHG)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is a Motion to Dismiss filed by Third-Party Defendant Centerra Integrated Services, LLC ("Centerra") seeking to dismiss Defendant/Third-Party Plaintiff KONE, Inc.'s ("KONE") Third-Party Complaint with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 21.) KONE opposed the motion. (ECF No. 25.) Centerra filed a reply. (ECF No. 29.) KONE filed a sur-reply opposing the motion. (ECF No. 33.) Having reviewed the submissions filed in connection with the motion and having declined to hold oral argument

pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause appearing, Centerra's Motion to Dismiss is **GRANTED in part and DENIED in part**.

I.  **BACKGROUND**

For the purposes of this Motion to Dismiss, the Court "accept[s] as true all factual allegations in the [Third-Party Complaint] and draw all inferences from the facts alleged in the light most favorable to" KONE, the Third-Party Plaintiff. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) (citing *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003)). Furthermore, the Court also considers any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (citing *Shaw v. Dig. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

On March 14, 2016, KONE and Centerra entered into the KONE CareTM Premium Agreement for Vertical Transportation (the "Agreement"). (ECF No. 25 at 6.) Pursuant to the Agreement, KONE contracted to provide maintenance services for the elevators on the premises of the Department of Veteran Affairs (the "VA") located at 151 Knollcroft Road, Lyons, New Jersey (the "Premises"). (*Id*. at 6–7.) The Agreement has an indemnification provision (the "Indemnification Provision") that states:

> To the extent permitted by law, Purchaser [*i.e.*, Centerra] will indemnify, defend, and hold KONE harmless from and against any and all claims, demands, action, suits, proceedings, judgments, damages, loss, liabilities, costs, or expenses, including without limitation court costs and reasonable attorney's fees, whether arising from or related to Purchaser's, KONE's, or any third party's negligence, willful misconduct, or act or omissions in performance of the Agreement.

(*Id*. at 7.) The Agreement further states: "Purchaser [*i.e.*, Centerra] will name KONE as an additional insured on its insurance policy." (*Id*.) The Agreement also provides: "In the event any

part of the Agreement is determined to be invalid or non-enforceable, the remaining part or provisions will continue in full force and effect." (*Id*.)

The Agreement remained in effect on March 28, 2018, when James Szaloczy ("Szaloczy"), a VA employee, sustained personal injuries in an elevator on the Premises. (*Id*. at 6–7.) Szaloczy alleges the elevator abruptly free fell and then suddenly slammed to a stop, causing him to be thrown into the air, ultimately landing on his hands and knees. (ECF No. 1-1 at 6.) On March 9, 2020, Szaloczy and his wife Megan Szaloczy (collectively, "Plaintiffs") filed a Complaint in the Superior Court of New Jersey, Law Division, against KONE (sued as "KONE Elevators and Escalators") and fictitious John Doe defendants (the "Lawsuit"). (ECF No. 25 at 6.) Plaintiffs asserted negligence and *res ipsa* claims against KONE for its alleged failure to exercise due care over the elevator, which allegedly caused Plaintiffs' injuries. (ECF No. 1-1 at 7–8.)

On April 8, 2020, KONE removed the Lawsuit to this Court. (ECF No. 21-1 at 6.) By a letter dated July 22, 2020, KONE requested Centerra to defend and indemnify KONE from and against all claims and damages in the Lawsuit, as well as secure a policy of insurance naming KONE as an additional insured. (ECF No. 15 at 5.) Centerra did not respond to the letter. (*Id*.) On August 25, 2020, KONE sent a follow-up letter to Centerra, making the same requests. (*Id*. at 6.) Centerra did not respond to the follow-up letter. (*Id*.)

On October 8, 2020, KONE filed a Third-Party Complaint against Centerra, arguing the Lawsuit triggers the Indemnification Provision, which entitles KONE to a full defense and indemnification from Centerra for all the claims and damages alleged by Plaintiffs. (ECF No. 25 at 7.) KONE asserts Centerra failed to fulfill such an obligation under the Agreement. (*Id*.) KONE also argues Centerra failed to name KONE as an additional insured on Centerra's insurance policy, in breach of another obligation under the Agreement. (*Id*. at 8.) The Third-Party Complaint

3

contains causes of action for breach of contract (Count I), contractual indemnification (Count II), common law indemnification (Count III), and contribution (Count IV). (ECF No. 15 at 6–10.)

On November 24, 2020, Centerra filed a Motion to Dismiss the Third-Party Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 21.) On December 21, 2020, KONE opposed the motion. (ECF No. 25.) On January 12, 2021, Centerra filed a reply. (ECF No. 29.) On January 29, 2021, KONE filed a sur-reply opposing the motion. (ECF No. 33.)

## II.   LEGAL STANDARD

"[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286 (citations omitted). Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp 235–36 (3d ed. 2004)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint to allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a probability requirement." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Detailed factual allegations"

4

are not required, but "more than an unadorned, the defendant-harmed-me accusation" must be pled; it must include "further factual enhancement" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). However, courts are "not compelled to accept 'unsupported conclusions and unwarranted inferences,'" *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (quoting *Schuylkill Energy Res. Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997)), nor "a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286 (citations omitted).

While, as a general rule, the court may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held that "a court may consider certain narrowly defined types of material without converting the motion to dismiss to a summary judgment motion, including items that are *integral to or explicitly relied upon* in the complaint." *Coulter v. Doerr*, 486 F. App'x 227, 228 (3d Cir. 2012) (citing *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999)).

### III. DECISION

#### A. Centerra's Motion to Dismiss Is Denied as to Count I and Count II

##### 1. It Is Premature to Decide Whether the Indemnification Provision Is Enforceable

Centerra contends the Indemnification Provision is unenforceable under N.J. Stat. Ann. §

2A:40A-1, which provides an indemnitee in a maintenance contract cannot be indemnified if it was solely negligent in causing the plaintiff's injury. (ECF No. 21-1 at 9.) Centerra suggests KONE is solely negligent in causing Plaintiffs' injuries, because Centerra is not alleged to be negligent and the only other defendants are fictitious parties. (*Id*.) Centerra insists § 2A:40A-1 applies to the Indemnification Provision, because the Agreement is for the repair, maintenance and servicing of an elevator, which is an "appurtenance" to a building under the statute. (ECF No. 29 at 7–8.) KONE counters § 2A:40A-1, pursuant to its legislative intent and history, only applies to construction contracts. (ECF No. 25 at 9.) KONE argues § 2A:40A-1 does not apply to an elevator maintenance agreement, like the Agreement, which is not a construction contract. (*Id*. at 12–13.) KONE asserts the elevator in question, which is not part of a construction project, is not an "appurtenance" under § 2A:40A-1. (ECF No. 33 at 7.) KONE maintains, even if the statute applies to an elevator maintenance agreement, its rights of contractual defense and indemnification as against Centerra would remain intact to the extent KONE is not solely negligent. (ECF No. 25 at 15.) The Court finds, even if § 2A:40A-1 applies to an elevator maintenance contract,[1] it is premature to decide whether the statute renders the Indemnification Provision unenforceable at this stage.

Under § 2A:40A-1:

> A[n] . . . agreement or understanding in, or in connection with or collateral to a contract, agreement or purchase order, relative to the construction, alteration, repair, maintenance, servicing, or security of a building, structure, highway, railroad, appurtenance and appliance, including moving, demolition, excavating, grading,

---

[1] At this stage, the Court will not decide whether § 2A:40A-1 may apply to contracts outside the construction context. The Agreement, still subject to the Discovery Confidentiality Protective Order, is currently not before the Court. (ECF No. 24; ECF No. 25 at 6 n.2.) A few excerpts of the Agreement, as revealed in the parties' briefs, may not reflect all the subjects and services the Agreement covers. Therefore, the Court declines to decide whether it is a construction or maintenance contract to which § 2A:40A-1 may apply.

> clearing, site preparation or development of real property connected therewith, purporting to indemnify or hold harmless the promisee against liability for damages arising out of bodily injury to persons or damage to property caused by or resulting from the sole negligence of the promisee, his agents, or employees, is against public policy and is void and unenforceable.

*Id.* The statute "bars only such hold harmless clauses in construction contracts which indemnify the indemnitee for the indemnitee's sole negligence." *Leitao v. Damon G. Douglas Co.*, 693 A.2d 1209, 1214 (N.J. Super. Ct. App. Div. 1997); *see also Berg Chilling Sys. v. Hull Corp.*, 435 F.3d 455, 471 (3d Cir. 2006)) ("Section 2A:40A-1 is limited to prohibit clauses through which a party seeks to be indemnified for damages resulting from 'sole negligence.'"). In other words, "a promise to indemnify for sole negligence is unenforceable, whereas a promise to indemnify for 99% negligence may be enforced." *Secallus v. Muscarelle*, 586 A.2d 305, 306 (N.J. Super. Ct. App. Div. 1991), *aff'd*, 597 A.2d 1083 (N.J. 1991).

Here, the Indemnification Provision provides indemnification for "Purchaser's [*i.e.*, Centerra's], KONE's, or any third party's negligence." (ECF No. 25 at 7.) In other words, the provision does not merely cover the indemnitee's sole negligence, and therefore is not necessarily barred by § 2A:40A-1. Instead, it "is viable as to [KONE's] liability for damages caused in part by the negligence of others than [KONE]." *Secallus*, 586 A.2d at 306; *see also Acker v. Ray Angelini, Inc.*, 259 F. Supp. 3d 305, 314 (E.D. Pa. 2016) (citing N.J. Stat. Ann. § 2A:40A-1) (finding that, under New Jersey law, "an indemnification clause would be enforceable, so long as the damages in question were not caused by the indemnitee's 'sole negligence'"); *Estate of D'Avila v. Hugo Neu Schnitzer E.*, 121 A.3d 388, 397, 408 (N.J. Super. Ct. App. Div. 2015) (finding that the "indemnity language" which "require[d] [the promisor] to indemnify [the promisee] for damages caused by [the promisee's] own negligence" was "valid and enforceable," because "N.J.S.A. 2A:40A-1 . . . [was] not applicable here," where the promisor and the promisee "were

7

each negligent"); *Charter Oak Fire Ins. Co. v. Nat'l Wholesale Liquidators of Lodi, Inc.*, Civ. A. No. 99-5756, 2002 U.S. Dist. LEXIS 5851, at *31 (S.D.N.Y. Apr. 4, 2002) (citing *Secallus*, 586 A.2d at 306–07) ("[Section] 2A:40-1 . . . does not apply when the party benefiting from the hold harmless clause is a joint tortfeasor."); *Leitao*, 693 A.2d at 1213 (finding that the promisee's indemnification claim against the promisor was not barred by § 2A:40A-1, because the promisee was not the sole negligent party, when the plaintiff "was contributorily negligent").

At this stage, the Court cannot conclude Plaintiffs' alleged injuries resulted from the sole negligence of KONE, even if Centerra was not negligent, because whether Szaloczy or KONE is a negligent party is still under dispute.[2] Therefore, even if § 2A:40A-1 applies to an elevator maintenance contract, its applicability to the Indemnification Provision will turn on a factual dispute of negligence, which is inappropriate for resolution at the pleading stage. As a result, it is premature to determine whether the statute precludes KONE from enforcing the Indemnification Provision against Centerra. *See Acker*, 259 F. Supp. 3d at 315 (citing N.J. Stat. Ann. § 2A:40A-1) (finding that the issue of whether an indemnification "provision would be unenforceable under New Jersey law" was "not before [the court] until such time as a jury return[ed] a verdict," when "pleadings in this case present[ed] a collage of alleged negligence comprised of the conduct of various parties"). Centerra's Motion to Dismiss is denied as to KONE's request for

---

[2] KONE claims it lacked actual or constructive knowledge of any allegedly dangerous condition of the elevator where Szaloczy sustained injury. (ECF No. 7 at 10.) This puts KONE's negligence in dispute. *See Prioleau v. Ky. Fried Chicken, Inc.*, 122 A.3d 328, 335 (N.J. 2015) (quoting *Nisivoccia v. Glass Gardens, Inc.*, 818 A.2d 314, 316 (N.J. 2003)) ("Ordinarily, an invitee seeking to hold a business proprietor liable in negligence 'must prove, as an element of the cause of action, that the defendant had actual or constructive knowledge of the dangerous condition that caused the accident.'"). Also, KONE alleges Szaloczy' injury was caused or contributed to by his own negligence, which may involve embarking upon or concurring in an activity and a course of conduct that Szaloczy knew or should have known would subject him to the hazards and risks. (ECF No. 7 at 9–10.)

8

indemnification under Count I and Count II.

### 2. Centerra Waived the Issue of Its Alleged Failure to Obtain Additional Insured Coverage for KONE

KONE stresses Centerra did not address in the opening brief its alleged failure to obtain additional insured coverage for KONE, which leads to a waiver of this issue. (ECF No. 33 at 9.) KONE maintains, regardless of the waiver, Centerra's obligation to obtain additional insured coverage is separate from its obligation under the Indemnification Provision, and therefore cannot be affected by § 2A:40A-1. (*Id.*) Centerra argues the relevant clause in the Agreement, which provides Centerra "will name KONE as an additional insured on its insurance policy," cannot be used to circumvent the policy behind § 2A:40A-1, by requiring Centerra to essentially indemnify the sole negligent party through insurance coverage rather than direct payment. (ECF No. 29 at 11.) The Court declines to consider Centerra's argument on this motion.

"New arguments in the reply brief are waived." *Rivers v. Nat'l Ass'n of Letter Carriers, Loc. 673*, Civ. A. No. 15-3070, 2016 U.S. Dist. LEXIS 11679, at *5 (D.N.J. Feb. 1, 2016) (citing *Anspach v. City of Phila.*, 503 F.3d 256, 259 (3d Cir. 2007)); *see also Hilburn v. Dep't of Corr.*, Civ. A. No. 07-6064, 2010 U.S. Dist. LEXIS 15777, at *38 (D.N.J. Feb. 22, 2010) (citing *Laborers' Intern. Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994)) ("Typically, an argument not raised in an opening brief is waived."). When the "moving brief does not seek dismissal of [a claim], but the reply brief does," even if the movant's "position may have merit, it will not be considered on this motion" to dismiss. *Rivers*, 2016 U.S. Dist. LEXIS 11679, at *5; *see also Zemel v. Korchmar*, Civ. A. No. 20-9972, 2020 U.S. Dist. LEXIS 203538, at *8 (D.N.J. Oct. 30, 2020) ("Even if, *arguendo*, [the defendant] is correct in her assertion that Count 6 is duplicative, this is a new argument raised in a reply brief and will not be considered . . . . Thus, . . . the motion to dismiss Count 6 will be denied."); *Khosla Ventures, LLC*

*v. Rolls-Royce Can. Ltd.*, Civ. A. No. 11-7529, 2012 U.S. Dist. LEXIS 52891, at *4 n.2 (D.N.J. Apr. 13, 2012) (citing *Laborers'*, 26 F.3d at 398) ("[The defendant] also attempts to argue the merits of [the plaintiff's] claim in its reply brief. This argument is improper on a motion to dismiss and it was not sufficiently raised in its opening brief. Therefore, the [c]ourt will not consider it.").

Here, in the opening brief, Centerra did not seek dismissal of KONE's Third-Party Complaint to the extent it alleges Centerra's failure to name KONE as an additional insured. Instead, Centerra raised this issue for the first time in its reply brief. Therefore, even if Centerra's position has merit, the Court declines to consider it on this motion. As a result, the Court will not dismiss the Third-Party Complaint to the extent it concerns Centerra's alleged failure to name KONE as an additional insured. "Should [Centerra] wish to pursue" this issue, it "might consider a Rule 12(c) motion." *Rivers*, 2016 U.S. Dist. LEXIS 11679, at *5.

### 3. The Court Declines to Consider the 2017 Purchase Order

Centerra claims KONE and Centerra supplanted the Agreement by entering into a new agreement dated December 29, 2017 (the "Purchase Order"),[3] which allegedly regulates the parties' relationship at the time of Szalozy's injury in March 2018. (ECF No. 29 at 9.) Centerra argues, because the Purchase Order does not contain an indemnification provision that would transfer liability to Centerra, KONE's Count I and Count II should be dismissed. (*Id*. at 10.) KONE counters, the Purchase Order, which was raised for the first time in Centerra's reply brief, should not be considered, because Centerra waived it by failing to discuss it in the opening brief. (ECF No. 33 at 10.) KONE also challenges the authenticity of the Purchase Order, asserting that the

---

[3] At this stage, the Court declines to decide whether the document dated December 29, 2017, is a binding agreement between Centerra and KONE, given the factual dispute over the document's authenticity, as described below. Instead, the Court refers to the document as a "Purchase Order," in accordance with the document's title. (*See* ECF No. 29-1 at 17.)

document was signed by a person no longer in its employ and that it is unable to independently locate a copy of the document. (*Id*. at 11.) KONE further contends Centerra fails to establish a novation that may supplant the Agreement with the Purchase Order. (*Id*.) The Court declines to consider the Purchase Order on this motion.

"[A] 'moving party may not raise new issues and present new factual materials in a reply brief that it should have raised in its initial brief.'" *Judge v. United States*, 119 F. Supp. 3d 270, 284 (D.N.J. 2015) (quoting *D'Alessandro v. Bugler Tobacco Co.*, Civ. A. No. 05-5051, 2007 U.S. Dist. LEXIS 2735, at *5 (D.N.J. Jan. 12, 2007)); *see also United States v. Duronio*, Civ. A. No. 02-0933, 2006 U.S. Dist. LEXIS 89303, at *10 n.1 (D.N.J. Dec. 8, 2006) (citations omitted) ("It is improper for the moving party to 'shift gears' and introduce new facts or different legal arguments in the reply brief than [those that were] presented in the moving papers."). Here, Centerra should have discussed the Purchase Order in its opening relief, to argue the Indemnification Provision was not in effect when Szaloczy was injured in March 2018. But Centerra failed to do so. Therefore, the Purchase Order, as a new fact raised in the rely brief, does not warrant the Court's consideration on this motion.

Accordingly, Centerra's Motion to Dismiss is denied as to Count I and Count II.

### B. Count III Is Dismissed Without Prejudice

Centerra contends KONE fails to state a claim for common law indemnification, because KONE and Centerra share no special legal relationship, a necessary element of the claim. (ECF No. 21-1 at 10.) Centerra argues it is inconceivable that KONE will identify any facts through discovery to support finding a special legal relationship, because KONE never suggests what sort of facts could be identified to support such a finding. (ECF No. 29 at 12.) Centerra further argues, because KONE and Centerra have not been found joint tortfeasors, KONE cannot request

indemnification from Centerra. (ECF No. 21-1 at 11.) Centerra states it could not be a joint tortfeasor here, because there is no allegation that Centerra committed any tort. (ECF No. 29 at 6.) KONE counters the Agreement, with its Indemnification Provision, is sufficient to support a finding of a special legal relationship between the parties. (ECF No. 25 at 16.) KONE insists the Court should not dismiss its claim for common law indemnification with prejudice, when the cause of action has not yet officially accrued and where discovery may yield further supporting facts. (*Id*. at 17.) KONE maintains discovery may reveal Centerra was, in fact, a joint tortfeasor. (*Id*. at 18.) The Court agrees.

"Indemnification is available under New Jersey law in two situations: when a contract explicitly provides for indemnification or when a special legal relationship between the parties creates an implied right to indemnification." *Fireman's Fund Ins. Co. v. 360 Steel Erectors, Inc.*, Civ. A. No. 16-2782, 2018 U.S. Dist. LEXIS 30251, at *12 (D.N.J. Feb. 26, 2018) (quoting *Allied Corp. v. Frola*, 730 F. Supp. 626, 639 (D.N.J. 1990), *abrogated on other grounds by Apgar v. Lederle Labs.*, 588 A.2d 380 (N.J. 1991)); *see also Rao v. Anderson Ludgate Consulting, LLC*, Civ. A. No. 15-3126, 2017 U.S. Dist. LEXIS 23998, at *12 (D.N.J. Feb. 21, 2017) (citations omitted) ("The right to indemnification can be based on a contractual obligation or on the existence of a special legal relationship between the parties."). "[U]nder New Jersey law, 'the absence of a special legal relationship is not necessarily dispositive' on the issue of whether common law indemnity is available." *In re Tarragon Corp.*, No. 09-10555, 2011 Bankr. LEXIS 1001, at *28 (Bankr. D.N.J. Mar. 18, 2011) (quoting *Ramos v. Browning Ferris Indus., Inc.*, 510 A.2d 1152, 1158 (N.J. 1986))). Therefore, KONE need not establish a special legal relationship with Centerra for its common law indemnification claim, when the Indemnification Provision explicitly provides for KONE's right to indemnification from Centerra. However, this does not mean KONE has

adequately asserted an indemnification claim.

"Common-law indemnity [is] an equitable doctrine that allows a court to shift the cost from one tortfeasor to another." *EPEC Polymers, Inc. v. NL Indus.*, Civ. A. No. 12-3842, 2013 U.S. Dist. LEXIS 74642, at *37 (D.N.J. May 24, 2013) (quoting *Promaulayko v. Johns Manville Sales Corp.*, 562 A.2d 202, 205 (N.J. 1989)).

> In order to claim common law indemnity, the third party plaintiff must only be constructively liable and not actually at fault for the damages suffered by the plaintiff; in such circumstances, the third party plaintiff may recover from a third party defendant that actually caused the injuries but was not named as a party in the original suit.

*Mobile Dredging & Pumping Co. v. City of Gloucester*, Civ. A. No. 04-4624, 2005 U.S. Dist. LEXIS 16601, at *11–12 (D.N.J. Aug. 4, 2005) (citing *Adler's Quality Bakery, Inc. v. Gaseteria, Inc.*, 159 A.2d 97, 110 (N.J. 1960)); *see also Nivins v. Sievers Hauling Corp.*, 424 F. Supp. 82, 87 (D.N.J. 1975) (quoting *Pub. Serv. Elec. & Gas Co. v. Waldroup*, 119 A.2d 172, 179 (N.J. Super. Ct. App. Div. 1955)) ("The right of indemnity . . . enures to a person who, without active fault on his own part, has been compelled, by reason of some legal obligation, to pay damages occasioned by the initial negligence of another, and for which he himself is only secondarily liable."). Here, the Third-Party Complaint does not allege any wrongdoing of Centerra that actually caused Plaintiffs' injuries. Therefore, KONE fails to assert a viable indemnification claim, and the Court dismisses the Third-Party Complaint as to Count III.

Nevertheless, such a dismissal is without prejudice. Centerra's potential wrongdoings that could have actually caused Plaintiffs' injuries, though not alleged in the Third-Party Complaint, may be revealed in discovery. *In re Merck & Co., Sec., Derivative & "ERISA" Litig.*, MDL No. 1658, 2011 U.S. Dist. LEXIS 87578, at *113 n.9 (D.N.J. Aug. 8, 2011) (citing *Winer Family Tr. v. Queen*, 503 F.3d 319, 337 (3d Cir. 2007)) ("The analysis of the [c]omplaint before the [c]ourt

does not, of course, foreclose the possibility that discovery might reveal information as to a particular [d]efendant whose individual culpability was not sufficiently alleged in the [c]omplaint."). Because KONE "did not have the benefit of discovery" against Centerra upon filing the Third-Party Complaint, the Court will "not foreclose a future application by [KONE] pursuant to Fed. R. Civ. P. 15 to reassert [KONE's] claims." *Estate of Bard v. City of Vineland*, Civ. A. No. 17-01452, 2019 U.S. Dist. LEXIS 1627, at *5 n.3 (D.N.J. Jan. 4, 2019); *see also Victorious v. Lanigan*, Civ. A. No. 15-6949, 2017 U.S. Dist. LEXIS 48921, at *19 n.9 (D.N.J. Mar. 31, 2017) ("The dismissal is without prejudice and [p]laintiff is free to file a motion to amend his [c]omplaint, pursuant to Fed. R. Civ. P. 15, if discovery reveals new information showing these [d]efendants were involved in the alleged wrongs.").

### C. Count IV Is Dismissed Without Prejudice

Centerra maintains KONE's contribution claim should be dismissed, because Centerra is not alleged to be a tortfeasor or at fault for Plaintiffs' injuries. (ECF No. 21-1 at 11; ECF No. 29 at 13.) Centerra contends a third-party plaintiff's breach of contract claim, without showing any tortious conduct of a third-party defendant, cannot impose liability on the third party-defendant for contribution. (ECF No. 21-1 at 12.) Centerra asserts KONE's contribution claim should be dismissed with prejudice, because KONE does not explain on what basis its contribution claim could be based or what future discovery may disclose. (ECF No. 29 at 13.) KONE argues a third-party defendant's breach of contract that proximately causes a personal injury is a valid basis for a contribution claim. (ECF No. 25 at 18.) KONE also suggests the Court should not dismiss its contribution claim with prejudice, because the cause of action has not yet officially accrued and discovery may yield facts further supporting a valid contribution claim. (*Id.*) KONE insists it should not be deprived of the opportunity to develop its claims through discovery. (ECF No. 33 at

14.) The Court agrees.

"Under New Jersey law, the right of contribution exists among joint tortfeasors." *Walsh Sec., Inc. v. Cristo Prop. Mgmt.*, Civ. A. No. 97-3496, 2009 U.S. Dist. LEXIS 116942, at *13 (D.N.J. Dec. 16, 2009) (citing N.J. Stat. Ann. § 2A:53A-2). "The term 'joint tortfeasors' is defined as 'two or more persons jointly or severally liable in tort for the same injury to person or property.'" *Id*. (quoting § 2A:53A-1). "[T]he right arises when 'injury or damage is suffered by any person as a result of the wrongful act, neglect or default of joint tortfeasors.'" *Longport Ocean Plaza Condo., Inc. v. Robert Cato & Assocs.*, Civ. A. No. 00-2231, 2002 U.S. Dist. LEXIS 16334, at *7 (D.N.J. Aug. 29, 2002) (quoting § 2A:53A-3). Here, the Third-Party Complaint does not allege any tortious conduct of Centerra that caused Plaintiffs' injuries, and therefore fails to assert a viable contribution claim.

However, "under New Jersey law there are occasions when a contract claim may have attributes that will permit it to give rise to a claim for contribution." *Walsh*, 2009 U.S. Dist. LEXIS 116942, at *22. "[T]he crux of the analysis" is "whether a claim is grounded in tort or contract," and "must focus on the nature of the injury inflicted and the remedy sought." *Id*. at *18. The guiding case for such an analysis is *Dunn*, which "carv[ed] out an exception to the general rule that contribution must be sought between parties jointly liable in tort," by allowing "a physician-provider who was guilty of medical malpractice [to] s[eek] contribution from his health maintenance organization ('HMO') on the basis of the HMO's independent breach of contractual duty to the patient." *Longport*, 2002 U.S. Dist. LEXIS 16334, at *9 (citing *Dunn v. Praiss*, 656 A.2d 413 (N.J. 1995)). But *Dunn* is inapposite here, because it only allowed "contribution between one whose breach of contractual duty is a proximate cause of personal injury and one whose negligence is a proximate cause of the same injury." *Dunn*, 656 A.2d at 420–21. Here, the Third-

Party Complaint does not allege Centerra's breach of contract was a proximate cause of Plaintiffs' injuries. Therefore, KONE has not asserted a viable contribution claim. Accordingly, Centerra's Motion to Dismiss is granted as to Count IV.

Nevertheless, for the same reasons stated in Part III.B, *supra*, such a dismissal is without prejudice. KONE is free to file a motion to amend the Third-Party Complaint, if discovery reveals new information that supports a contribution claim against Centerra.

## IV. CONCLUSION

For the reasons set forth above, Centerra's Motion to Dismiss is **GRANTED in part and DENIED in part**. The Court **DISMISSES WITHOUT PREJUDICE** the Third-Party Complaint as to Count III and Count IV pursuant to Rule 12(b)(6). The remaining portions of the motion are **DENIED**. An appropriate order follows.

**Date: June 29, 2021**  */s/ Brian R. Martinotti*
　　　　　　　　　　　　　　　　　　　　　　　　HON. BRIAN R. MARTINOTTI
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE